# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Catherine Dahlberg, | Case No. 18-cv-2244 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Language Access Network, LLC, | |
| Defendant. | |

Catherine Dahlberg, P.O. Box 7327, Tallahassee, FL 32314 (pro se Plaintiff); and

Timothy Y. Wong and Christopher L. Lynch, Barnes & Thornburg LLP, 225 South Sixth Street, Suite 2800, Minneapolis, MN 55402 and William H. Prophater, Jr, Newhouse, Prophater, Kolman and Hogan LLC, 5025 Arlington Circle Blvd., Suite 400, Columbus, OH 43220 (for Defendant).

This matter is before the Court on Plaintiff Catherine Dahlberg's Motion for Extension of Discovery Deadline (ECF No. 59) and Dahlberg's Motion to Restrict Internal Sharing by Party – Protective Order Regarding Physical Address. (ECF No. 60). For the reasons set forth below, the Court will deny both motions.

## I. BACKGROUND

On November 26, 2019, Dahlberg spoke with counsel for Defendant Language Access Network, LLC ("LAN") regarding discrepancies within certain documents that were relevant to this case. (ECF No. 65, p. 1 and ECF No. 65-1, p. 2). During a subsequent phone conference, LAN asked Dahlberg to identify the specific documents with which she had concerns, send copies of those documents to LAN, and summarize in writing her

1

concerns with those documents. (ECF No. 65, p. 1). The next day, the Court issued a Second Amended Pretrial Scheduling Order. (ECF No. 51). Among other things, the Court set a fact discovery and non-dispositive motion deadline for January 30, 2020. (ECF No. 51, p. 3).

Dahlberg did not follow up with LAN regarding her concerns until a meet-and-confer conference that took place on January 27, 2020. (ECF No. 65, p. 2). She did so only after LAN asked her about the status of her request. (ECF No. 65, p. 2). Two days later, Dahlberg sent LAN's counsel the documents with which she had concerns. (ECF No. 65, p. 2). At least one of those documents had been in Dahlberg's possession since March 2019. (ECF No. 65, p. 2). Another appears to have been in her possession since before she filed suit. (ECF No. 65, p. 2).

On February 3, 2020, Dahlberg filed two motions. First, she asked for an extension of the fact discovery deadline. (ECF No. 59). Second, she asked for an order restricting Alec Beck, an attorney with the law firm representing LAN in this matter, from accessing information about her address and compelling LAN to disclose who has "gained access to [Dahlberg's] address information by mistake." (ECF No. 60). In support of the latter motion, Dahlberg notes that Beck was opposing counsel in a separate case and that there is a "layer of ambiguity as to how much information has already been shared with him[.]" (ECF No. 60, p. 1).

**II.　ANALYSIS**

The Court will first address Dahlberg's motion to extend the fact discovery deadline. When the Court sets deadlines in a pretrial scheduling order, those deadlines may be

2

modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (citation omitted).

The Court will deny this motion. It is apparent that Dahlberg has been aware of the issues regarding these documents for several months. There are several steps that she could have immediately taken to address her concerns. She could have sent the documents in question to LAN immediately. She could have filed a motion seeking relief from the Court. Instead, she waited until the day before fact discovery closed to send the documents to LAN for review. Dahlberg has offered no compelling reason as to why she did not act sooner to address her concerns. She has therefore failed to establish good cause to modify the scheduling order.

The Court will also deny Dahlberg's motion for a Court order restricting LAN's counsel from sharing information about her address with a new member of their law firm and compelling counsel to disclose who may have gained access to Dahlberg's address by mistake. The Court has already ordered that Dahlberg's physical address be treated as confidential under the terms of the Protective Order and that her address not be disclosed to anybody other than LAN's outside counsel. (ECF No. 52). To the extent LAN's outside counsel have added a new attorney to their law firm, that attorney would be also bound by those orders were he or she to participate in this matter in any capacity. Dahlberg has provided no compelling reason for the Court to restrict the sharing of that information any further.

Furthermore, Dahlberg has offered no reason for the Court to order LAN to disclose who may have gained access to her physical address by mistake. Nothing suggests that LAN or its counsel ever learned of Dahlberg's physical address, let alone disclosed that address to anybody in violation of the Court's previous orders. The Court will deny her motion for this reason as well.

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dahlberg's Motion for Extension of Discovery Deadline (ECF No. 59) is **DENIED**.

2. Dahlberg's Motion to Restrict Internal Sharing by Party – Protective Order Regarding Physical Address (ECF No. 60) is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: February 14, 2020         *s/ Tony N. Leung*
　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　District of Minnesota

　　　　　　　　　　　　　　　　*Dahlberg v. Language Access Network, LLC*
　　　　　　　　　　　　　　　　Case No. 18-cv-2244 (TNL)

4